IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWARD A. BRITTINGHAM,  §
 § No. 98, 2023
 Defendant Below, §
 Appellant, § Court Below—Superior Court
 § of the State of Delaware
 v. §
 § Cr. ID No. 2111006802 (N)
STATE OF DELAWARE, §
 §
 Appellee. §

Submitted: October 24, 2023
Decided: December 11, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)  The appellant, Edward A. Brittingham, filed this appeal from his convictions and sentencing for first-degree burglary and aggravated menacing.[1]  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Brittingham's opening brief that his appeal is without merit.  We agree and affirm.

(2)  In July 2022, a grand jury indicted Brittingham for first-degree burglary, aggravated menacing, possession of a deadly weapon during the commission of a felony, offensive touching, and theft.  On February 23, 2023, Brittingham pleaded guilty to first-

---

[1] Brittingham was represented by counsel in the Superior Court, but elected to proceed *pro se* in this appeal under Supreme Court Rule 26(d)(iii).

degree burglary and no-contest to aggravated menacing. In exchange for Brittingham's plea, the State agreed to dismiss the remaining charges, not to seek a declaration that Brittingham was a habitual offender, and to cap its sentencing recommendation to five years of unsuspended Level V time.

(3) The Superior Court immediately sentenced Brittingham as follows: (i) for first-degree burglary, fifteen years of Level V incarceration, suspended after five years for decreasing levels of supervision; and (ii) for aggravated menacing, one year of Level V incarceration, suspended for six months of Level III probation. After filing this appeal, Brittingham filed a motion for sentence reduction, which the Superior Court denied without prejudice.

(4) In his opening brief, Brittingham does not challenge the knowing, intelligent, and voluntary nature of his plea. Instead, he argues that the Superior Court abused its discretion and violated his right to due process by relying on false information to sentence him. He identifies the false information as the prosecutor's statement during the proffer for the aggravating menacing charge that Brittingham refused to leave the house he broke into when the owner returned. Brittingham does not dispute that he broke into the house, but says he left as soon as the owner returned. In support of his claim, Brittingham relies on the arresting police officer's affidavit of probable cause, which states that Brittingham fled the house when the owner arrived.

(5) Our review of a sentence is "limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial

2

vindictiveness or bias, or a closed mind."[2] When the sentence is within the statutory limits, this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[3]

(6) Brittingham's sentence falls within statutory limits.[4] Contrary to Brittingham's contentions, the record does not reflect that the Superior Court sentenced Brittingham based on false facts. After the State's proffer for the aggravated menacing charge, Brittingham told the Superior Court that he committed the burglary, but wished to clarify that he ran out of the house as soon as the owner arrived, the owner confronted him and knocked him down outside, and he grabbed a rock to defend himself. The Superior Court asked Brittingham if that meant he did not agree with the State's proffer for the aggravated menacing charge. Brittingham conferred with his counsel and said he wished to plead no-contest. The Superior Court then asked Brittingham if he agreed with the State's proffer and he said yes. The Superior Court accepted Brittingham's plea as knowing, intelligent, and voluntary.

(7) During the sentencing portion of the hearing, the prosecutor identified Brittingham's criminal history, including multiple burglary convictions that qualified as violent felonies, and Level III probationary status when he committed the crimes at issue as supporting a total sentence of five years of unsuspended Level V time. Brittingham and

---

[2] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[3] *Id.*
[4] 11 *Del. C.* § 826(c) (defining first-degree burglary as a class C felony with a minimum Level V sentence of one year); 11 *Del. C.* § 602 (defining aggravated menacing as a class E felony); 11 *Del. C.* § 4205(b) (providing that sentence for class C felony is up to fifteen years of Level V incarceration and that sentence for class E felony is up to five years of Level V incarceration).

his counsel argued for a lesser sentence based on Brittingham's advanced age and substance abuse and mental health problems. Before imposing the sentence recommended by the State, the Superior Court found the existence of multiple aggravating factors, including prior violent conduct, repetitive criminal conduct, and custody status at the time of the offense. The Superior Court also acknowledged the mitigating factors in the mitigation report submitted by Brittingham's counsel. There is no indication that the Superior Court relied on the prosecutor's statement that Brittingham refused to leave the house in sentencing him.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice